Charles J. Russell, Appellant, v. Louis Melind
Company et al., Appellees.

Gen. No. 43,595.

Opinion filed May 7, 1947.   Released for publication May 22, 1947.

John P. Carey, of Chicago, for appellant.

Ross S. Welch, of Chicago, for appellees.

Mr. Presiding Justice Lewe delivered the opinion of the court.

This is a derivative action by a minority stockholder for an accounting from officers and directors of defendant corporation, for salaries alleged to have been illegally paid them. The cause was referred to a master and in conformity with the findings and recommendations contained in his report a decree was entered dismissing the cause for want of equity.

The complaint alleges in substance that Louis Melind Company, a corporation, is engaged in the manufacture of rubber stamps and marking devices; that Louis Melind is president, Roy L. Melind is vice president and secretary, and David B. Sterrett is treasurer of the corporation; that the foregoing defendants have been officers and directors since September 30, 1936; that the officers and directors have

illegally caused defendant corporation to pay them salaries for services rendered to the corporation as officers since September 1936; that during the year 1942 the corporation paid defendants Louis Melind, Roy Melind and David B. Sterrett the sum of $11,000 for salaries as officers, and that for the years 1937, 1938, 1939 and 1940 the corporation paid or issued notes payable for large sums of money to them for their services as officers of the corporation.

The complaint further alleges that certain shares of capital stock have been issued by the corporation in the names of the officers as payment of notes issued for salaries, and that the capital stock of the corporation consists of 1200 shares of which the officers heretofore named own or control 908 shares.

In their amended answer defendant officers, directors and stockholders of defendant corporation aver, *inter alia:* (1) that all salaries were paid in cash; (2) that the salaries are reasonable in view of the services rendered; (3) that the acts of the officers in paying the salaries were ratified by all the shareholders of the corporation; and (4) that J. W. Melind, from whom plaintiff purchased his stock certificate for 292 shares in defendant corporation, is a competitor in the rubber stamp business.

The amended answer further avers that all of the alleged wrongful acts of the corporation and its officers and directors complained of occurred before the assignment by J. W. Melind to the plaintiff herein of the stock certificate for 292 shares, and that J. W. Melind, plaintiff's vendor, acquiesced in all of the allegedly wrongful acts complained of.

The record discloses that no evidence was introduced by defendants. On December 31, 1926 defendant corporation issued a stock certificate for 292 shares of its capital stock to J. W. Melind. After having served for more than ten years as secretary of the defendant corporation J. W. Melind resigned in 1935. While serv-

ing as secretary of defendant corporation J. W. Melind and other officers received salaries for their services although it does not appear that any by-law or resolution authorized the payment of such salaries. In 1935 and for several years prior thereto defendant corporation on certain occasions issued notes to its officers, including J. W. Melind, covering salaries which had accrued for services rendered by them to defendant corporation, which notes were subsequently paid in cash. At the time J. W. Melind resigned he had been paid on notes which he had received in lieu of salary approximately $4,400. Other officers were likewise paid substantial sums in cash by the defendant corporation for notes which they had also accepted to cover accrued salaries.

At the annual meeting of the stockholders on January 6, 1943, J. W. Melind appeared as a stockholder of defendant corporation and there, in the presence of other stockholders representing a majority of the stock, interrogated the treasurer with respect to the annual report. At this meeting J. W. Melind suggested that since "the combined earnings of the board of directors was extremely low," their salary should be increased to $10,000 annually. About two and a half months afterward, March 22, 1943, he assigned his stock certificate to plaintiff.

Plaintiff's principal contentions are (1) that the right of a stockholder to obtain relief against fraudulent misappropriation by the officers of a corporation of its funds or securities is not affected by the fact that he purchased his stock after the commission of the fraud he seeks to redress; and (2) that before officers of the corporation can recover for services it must appear that a by-law or resolution has been adopted authorizing the payment for services before they were rendered.

Shares of stock are choses in action. By virtue of the assignment of the stock certificate plain-

tiff acquired only those rights held by J. W. Melind his predecessor in title. (*Babcock v. Farwell,* 245 Ill. 14, 41.) The fact that plaintiff purchased his stock after the commission of the alleged fraud does not preclude defendants from asserting any defense against plaintiff in the present case which could have been asserted against J. W. Melind had he been plaintiff in a similar proceeding.

Plaintiff next urges that in the absence of a by-law or resolution of the corporation authorizing the payment of salaries to officers of the defendant corporation they cannot recover for services rendered.

In the instant case, as heretofore stated, the salary payments to the officers and directors of the defendant corporation were made with the full knowledge and acquiescence of plaintiff's vendor. The evidence fails to show any fraud or concealment, nor is any alleged in the complaint. No other stockholder of the defendant corporation has joined plaintiff in the present proceeding, nor has any other stockholder ever complained about the payment of salaries to the officers and directors of the corporation. The knowledge and conduct of J. W. Melind are charged to the plaintiff. Therefore plaintiff is effectually estopped from now asking for an accounting. (*Brown v. De Young,* 167 Ill. 549, 553; *Klein v. Independent Brewing Ass'n,* 231 Ill. 594; *Rosehill Cemetery Co. v. Dempster,* 223 Ill. 567.) Under the authorities last cited the question whether a by-law or resolution was adopted by the defendant corporation to authorize the payment of the salaries of the officers and directors of the defendant corporation is immaterial. We have considered the other points urged and the authorities cited in support thereof, but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated, the decree is affirmed.

*Decree affirmed.*

KILEY and BURKE, JJ., concur.